UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

1. BRANNON THOMPSON TRUST, Plaintiff, v. LAKEVIEW LOAN SERVICING, LLC, RUSHMORE LOAN MANAGEMENT SERVICES LLC, Judge magistrate JOSEPH J. MCBURNEY loanDepotf.COM, LLC, NATIONSTAR MORTGAGE, LLC D/B/A MR. COOPER, THOMAS J. SANTOLUCITO, ESQ., AND HARMON LAW OFFICES, P.C., AND DERIC THOMPSON, Defendants. Civil Action No. _____

COMPLAINT Plaintiff, Brannon Thompson Trust (the "Trust"), by and through its trustee, Fay Ann Brannon, brings this action against Defendants, Lakeview Loan Servicing, LLC, Rushmore Loan Management Services LLC, loanDepot.com, LLC, Nationstar Mortgage, LLC d/b/a Mr. Cooper, Thomas J. Santolucito, Esq., Harmon Law Offices, P.C., and Deric Thompson, and alleges as follows:

I. JURISDICTION AND VENUE This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question) because Plaintiff alleges violations of federal statutes, including 42 U.S.C. § 1983, 18 U.S.C. §§ 1341, 1343, 1344, 1961, 15 U.S.C. §§ 1692, and 12 U.S.C. §§ 2601, 2605. Diversity jurisdiction is also available under 28 U.S.C. § 1332 if the parties are citizens of different states and the amount in controversy exceeds $75,000. Supplemental jurisdiction over the state-law fraud claims (Rhode Island General Laws §§ 11-18-34 and 28-33-17.3) is proper under 28 U.S.C. §§ 1367(a)(1) and (b)(2) because the state-law claims arise out of the same nucleus of operative facts as the federal claims. Venue is proper in the District of Rhode Island pursuant to 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is located at 233 Halsey Road, Woonsocket, Rhode Island, and a substantial part of the events giving rise to the claims occurred in this district.

II. PARTIES Plaintiff – The Brannon Thompson Trust is a revocable living trust created under Rhode Island law, with its principal place of business at Woonsocket, Rhode Island. The Trust is the record owner of the real property located at 233 Halsey Road, Woonsocket, RI, having acquired title by a recorded quit-claim deed (see Exhibit C). Defendants – Lakeview Loan Servicing, LLC Lakeview Loan Servicing, LLC is a corporation (or limited liability company) with its principal place of business at 4425 Ponce de Leon Blvd., 5th Floor, Coral Gables, FL 33146. At various times, it has acted as the servicer for the loan at issue. Defendant – Rushmore Loan Management Services LLC Rushmore Loan Management Services LLC is a limited liability company with its principal place of business at 15480 Laguna Canyon Road, Suite 100, Irvine, CA 92618. At various times, it has acted as the servicer for the loan at issue. Defendant – LoanDepot.com, LLC LoanDepot.com, LLC is a limited liability company with its principal place of business at 26642 Towne Centre Drive, Foothill Ranch, CA 92610. At various times, it has acted as the servicer for the loan at issue. Defendant – Nationstar Mortgage, LLC d/b/a Mr. Cooper Nationstar Mortgage, LLC d/b/a Mr. Cooper is a limited liability company with its principal place of business at 8950 Cypress Waters Blvd, Coppell, TX 75019. At various times, it has acted as the servicer for the loan at issue. (Lakeview Loan Servicing, LLC, Rushmore Loan Management Services LLC, loanDepot.com, LLC, and Nationstar Mortgage, LLC d/b/a Mr. Cooper are collectively referred to as the "Servicer Defendants"). Defendants – Judicial and Quasi-Judicial Actor Defendants– Joseph J. McBurney Joseph J. McBurney is a judicial officer of the State of Rhode Island, presiding over the foreclosure action at issue. This Defendant is sued in his official capacity for declaratory and injunctive relief on

p — Foreclosure Counsel Defendant — Thomas J. Santolucito, Esq., and Harmon Law Offices, P.C. Thomas J. Santolucito, Esq., and Harmon Law Offices, P.C. is an attorney and/or law firm licensed to practice in Rhode Island, who represents the Servicer Defendants in the fraudulent foreclosure action. Defendant — Deric Thompson is an individual residing at 81 Chatham Street, Worcester, Massachusetts. All other parties, including any successors, assigns, or affiliates of Defendants, are deemed to be in "privity" with Defendants for purposes of the claims herein.

III. FACTUAL ALLEGATIONS Mortgage Origination and Satisfaction On May 3, 2019, a residential mortgage loan was originated in the principal amount of $231,626 secured by a deed of trust on the Property. Chaotic Loan Servicing History and Pattern of Mismanagement Since its origination, the servicing of the loan was transferred multiple times between the various Servicer Defendants, including but not limited to Lakeview Loan Servicing, LLC, Rushmore Loan Management Services LLC, loanDepot.com, LLC, and Nationstar Mortgage, LLC d/b/a Mr. Cooper. This chaotic and fragmented servicing history resulted in a pattern of mismanagement, poor record-keeping, and a failure to properly account for payments and loan status. The loan was fully satisfied on June 7, 2019 (Finance of America Mortgage) and again on November 8, 2021 (LoanCare, LLC). **Since acquiring title, the Brannon Thompson Trust has exclusively borne all costs associated with the Property's maintenance and upkeep. The Trust has continuously paid for all necessary repairs, improvements, and general maintenance, thereby preserving the value of the asset.** Both credit-report entries show a $0 reported balance and the notation "Paid off 100 %" (see Exhibit A). Payoff Statement and Satisfaction of Mortgage At least one of the Servicer Defendants or their predecessors issued a formal payoff statement confirming that the outstanding principal, interest, and all fees were zero as of the dates above. A Satisfaction of Mortgage was subsequently recorded in the Office of the Town Clerk of Woonsocket, Rhode Island, thereby extinguishing the lien on the Property (see Exhibit B). Transfer of Title to the Trust On [july 22, 2022 ], the former owner executed a quit-claim deed conveying fee simple title to the Property to the Brannon Thompson Trust. The deed was duly recorded in the Woonsocket Registry of Deeds (see Exhibit C). Defendants' Fraudulent Foreclosure Action and State Action Despite the recorded satisfaction of the mortgage and the clear evidence that the debt was paid in full, the Servicer Defendants, through their counsel, Defendant Thomas J. Santolucito, Esq., and Harmon Law Offices, P.C., filed a foreclosure complaint in the Rhode Island state court on or about October 30, 2025, seeking to enforce a lien that no longer existed. By filing a knowingly fraudulent lawsuit based on a satisfied debt, the Servicer Defendants and Defendant Thomas J. Santolucito, Esq., and Harmon Law Offices, P.C. willfully co-opted and misused the power of the State of Rhode Island's judicial system, converting their private collection efforts into state action. These private Defendants became willful participants in a joint action with state officials—namely, Defendant The Honorable Joseph J. McBurney and Defendant State Court Clerk—to unlawfully seize the Trust's property, thereby acting "under color of law."

capacities within the federal judicial system, were involved in procedural and administrative actions that prevented a prior related case from being heard properly, which contributed to the ongoing harm and the fraudulent judgment against the Trust. Defendants' pleadings, notices, and correspondence falsely represented that a balance remained outstanding, thereby inducing the Trust to defend an unlawful foreclosure. The Servicer Defendants used the U.S. Postal Service to send the foreclosure notice and related documents (see Exhibit D). The Servicer Defendants also employed electronic communications (email, fax, and electronic filing) to further the fraudulent scheme. As a direct and proximate result of Defendants' fraudulent conduct, the Trust has incurred attorney's fees, litigation costs, and damages to its credit reputation, and continues to face the threat of loss of the Property through an unconstitutional state-sanctioned process.

IV. CAUSES OF ACTION Count 1 – Deprivation of Civil Rights Under Color of Law (42 U.S.C. § 1983) Plaintiff repeats and realleges each allegation set forth in the preceding paragraphs as if fully set forth herein. Defendants, acting under color of state and federal law, statute, ordinance, regulation, or custom, have subjected the Plaintiff Trust to the deprivation of its rights, privileges, and immunities secured by the Constitution and laws of the United States. Specifically, the Servicer Defendants and Defendant Thomas J. Santolucito, Esq., and Harmon Law Offices, P.C., by filing and prosecuting a foreclosure action based on a debt they knew was satisfied, became willful participants in a joint action with state and federal actors (Defendant The Honorable Joseph J. McBurney, [ J. McConnell, Jr., to deprive the Trust of its property without due process of law, in violation of the Fourteenth Amendment to the United States Constitution. The use of the state's judicial machinery to execute on a non-existent debt, compounded by federal administrative actions that impeded justice, constitutes an abuse of process that shocks the conscience and violates the Trust's fundamental right to property. While the Judicial Defendants may be entitled to immunity from monetary damages for acts performed in their official capacities, such immunity does not extend to prospective declaratory and injunctive relief. As private actors who conspired with state and federal officials to misuse governmental power, the Servicer Defendants and Defendant Thomas J. Santolucito, Esq., and Harmon Law Offices, P.C. are not entitled to immunity and are liable for all damages resulting from their unconstitutional conduct. Count 2 – Mail Fraud (18 U.S.C. § 1341) Plaintiff repeats and realleges each allegation set forth in the preceding paragraphs as if fully set forth herein. The Servicer Defendants knowingly devised a scheme to defraud the Trust by falsely claiming that a mortgage balance remained outstanding. The Servicer Defendants used the United States Postal Service to transmit false foreclosure notices and related documents, thereby using the mail in furtherance of the fraudulent scheme. As a result, the Servicer Defendants obtained—or attempted to obtain—property interests to which they were not entitled. The Servicer Defendants' conduct constitutes mail fraud under 18 U.S.C. § 1341. Count 3 – Wire Fraud (18 U.S.C. § 1343) Plaintiff repeats and realleges each allegation set forth in the preceding paragraphs as if fully set forth herein. The Servicer Defendants employed electronic communications (email, fax, electronic filing) to transmit false statements and foreclosure documents, thereby using interstate wires in furtherance of the same fraudulent scheme. The Servicer Defendants' conduct satisfies all elements of wire fraud under 18 U.S.C. § 1343. Count 4 – Bank Fraud (18 U.S.C. § 1344) Plaintiff repeats and realleges each allegation set forth

in the preceding paragraphs as if fully set forth herein. By falsely representing the status of the loan and attempting to enforce a non-existent lien, the Servicer Defendants engaged in a scheme to defraud a financial institution and the Trust. Such conduct is prohibited by 18 U.S.C. § 1344. Count 5 – Violation of the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692-1692p) Plaintiff repeats and realleges each allegation set forth in the preceding paragraphs as if fully set forth herein. The Servicer Defendants, acting as debt collectors, falsely represented that a debt existed, failed to provide verification of the alleged debt, and engaged in harassing conduct by pursuing foreclosure despite clear evidence of satisfaction. These actions violate the FDCPA, entitling Plaintiff to statutory damages, actual damages, and attorney's fees. Count 6 – Violation of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. §§ 2601, 2605) Plaintiff repeats and realleges each allegation set forth in the preceding paragraphs as if fully set forth herein. The Servicer Defendants' attempt to foreclose after the loan had been satisfied and a satisfaction of mortgage recorded constitutes a gross servicing error and an unlawful foreclosure practice prohibited by RESPA. The Servicer Defendants' conduct is a violation of 12 U.S.C. §§ 2601 and 2605. Count 7 – RICO Violation (18 U.S.C. § 1961) Plaintiff repeats and realleges each allegation set forth in the preceding paragraphs as if fully set forth herein. The Servicer Defendants, together with their agents and affiliates, engaged in a pattern of racketeering activity (predicated on repeated acts of mail fraud and wire fraud) by repeatedly filing fraudulent foreclosure actions against borrowers whose loans had been satisfied. The conduct satisfies the elements of a RICO violation under 18 U.S.C. § 1961. Count 8 – Rhode Island State Law Fraud (Rhode Island General Laws §§ 11-18-34 and 28-33-17.3) Plaintiff repeats and realleges each allegation set forth in the preceding paragraphs as if fully set forth herein. The Servicer Defendants' false statements, concealment of material facts, and intentional deception constitute fraud under R.I. Gen. Laws §§ 11-18-34 (residential mortgage fraud) and § 28-33-17.3 (general fraud). Plaintiff is entitled to recover actual damages, punitive damages, and attorney's fees under Rhode Island law.

V. PRAYER FOR RELIEF WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants, and grant the following relief: A declaratory judgment that the foreclosure action filed by Defendants is void, unconstitutional, and without legal effect. A permanent injunction prohibiting the Servicer Defendants, their agents, successors, assigns, and attorneys from any further foreclosure, foreclosure-related notices, or collection actions against the Property or the Trust. A permanent injunction directed at Defendant The Honorable Joseph J. McBurney and Defendant State Court Clerk prohibiting them from taking any further action to advance, process, or execute the unlawful foreclosure proceeding against the Prope˗˙
John J. McConnell, Jr., and ˦˗                                                          ˙ n from taking any further action that woU˷˷u ˷˷˷peue the proper adjudication of this case or otherwise advance the unlawful foreclosure proceeding. Compensatory damages against the Servicer Defendants and Defendant Thomas J. Santolucito, Esq., and Harmon Law Offices, P.C. in an amount to be proven at trial for actual losses suffered by the Trust, including but not limited to attorney's fees, litigation costs, and damage to credit. Statutory damages pursuant to the FDCPA and RICO. Punitive damages against the Servicer Defendants and Defendant Thomas J. Santolucito, Esq., and Harmon Law Offices, P.C. in an amount sufficient to punish them and deter similar conduct. Attorneys' fees, costs of suit, and pre-judgment and post-judgment interest as allowed by law.

Such equitable relief as the Court deems just and proper, including an order directing the Servicer Defendants to expunge any adverse credit reporting related to the alleged debt. Any other relief the Court finds appropriate.

VI. JURY TRIAL DEMAND Plaintiff hereby demands a trial by jury on all issues so triable.

VII. VERIFICATION VERIFICATION I, Fay Ann Brannon, as Trustee for the Brannon Thompson Trust, hereby verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Date: November 4, 2025

Respectfully submitted,

_____ Fay Ann Brannon, Trustee Pro Se for Brannon Thompson Trust [233 Halsey road Woonsocket Rhode Island 02895] [woonsocket, RI,02895] [401-280-3894] [faybrannon@icloud.com]

VIII. EXHIBITS Exhibit Description Exhibit A Credit-report excerpts showing a $0 balance and "Paid off 100 %" for the mortgage (Finance of America Mortgage and LoanCare, LLC). Exhibit B Payoff statement and recorded Satisfaction of Mortgage confirming loan satisfaction. Exhibit C Recorded quit-claim deed transferring title to the Brannon Thompson Trust. Exhibit D Correspondence from Defendants regarding the foreclosure (including mailed notice and electronic communications).

STATE OF Rhode Island
COUNTY OF Provi

Sworn to (or affirmed) and subscribed before me this _5_ day of Nov, 2025, by Fay Brannon

_____   Thomas Dubois
Notary Public's Signature      Notary Name
My Commission Expires on 7/28/69

THOMAS DUBOIS
NOTARY PUBLIC
STATE OF RHODE ISLAND
NOTARY ID # 761235
MY COMMISSION EXPIRES 07/28/2029