UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| FAY BRANNON, <br><br>     Plaintiff, <br><br>     v. <br><br> LAKEVIEW LOAN SERVICING, LLC, et al., <br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 1:25-cv-00594-MSM-PAS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

Before the Court is the Motion to Dismiss filed by Thomas J. Santolucito, Esq. and Harmon Law Offices, P.C. (the "Law Firm Defendants") pursuant to Fed. R. Civ. P. 12(b)(6).  (ECF No. 13.)   The Court has reviewed Ms. Brannon's *pro se* Amended Complaint along with her Objection to the Motion to Dismiss.  (ECF Nos. 12, 14.) This case centers on Ms. Brannon's contention that the state-court foreclosure proceedings concerning 233 Halsey Road in Woonsocket, Rhode Island, her place of residence, were fraudulent and unconstitutional.  (ECF No. 12 at 2-5.)  The Court must now decide whether Ms. Brannon's claims against the Law Firm Defendants survive the dismissal challenge, and more broadly, whether Ms. Brannon is precluded from bringing her claims in this Court on the basis of *Rooker-Feldman* abstention.[1]

---

[1] The Rooker- Feldman Doctrine derives from two United States Supreme Court opinions: *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co., et al.*, 263 U.S. 413 (1923) the doctrine acts as a jurisdictional

For the reasons explained below, this Court GRANTS the Law Firm Defendants' Motion to Dismiss, and dismisses Ms. Brannon's Amended Complaint with prejudice.

## I.    BACKGROUND

The following facts are alleged in the Plaintiff's Amended Complaint. Ms. Brannon asserts that a residential mortgage loan was originated for the home at 233 Halsey Road ("subject property") in 2019 and that the loan was later transferred several times between Lakeview Loan Servicing, Rushmore Loan Management, loandepot.com, and Nationstar Mortgage (the "Servicer Defendants"), before the loan was "fully satisfied" in 2019 and again in 2021. (ECF No. 12 at 2.) She contends she obtained fee simple title to the property by quitclaim deed on July 22, 2022. *Id.* at 3. Ms. Brannon notes that in October 2025, the Law Firm Defendants filed a foreclosure complaint in Rhode Island state court on behalf of their clients, the Servicer Defendants. *Id.* She contends that the pleadings filed by the Law Firm Defendants on behalf of their clients were false and fraudulent and caused her to incur attorneys' fees and costs, damage to her credit and loss of property because of the foreclosure action. *Id.*

Ms. Brannon's Amended Complaint sets forth eight claims. Count I asserts a claim under 42 U.S.C. § 1983, alleging that the Law Firm Defendants and Servicer Defendants are "private actors who conspired with state officials to misuse

---

bar and prevents lower federal courts from reviewing the final judgments of state courts.

government power" and that she was deprived of her constitutional right to property without due process as a result of their actions. *Id.* Counts II through IV attempt to assert claims of criminal fraud under 18 U.S.C. §§ 1341, et seq. against the Servicer Defendants only. Counts V and VI are for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 against the Servicer Defendants only. Count VII purportedly asserts a RICO violation, 18 U.S.C. § 1961, solely against the Servicer Defendants. Finally, Count VIII alleges state-law fraud claims solely against the Servicer Defendants.

The Court notes that Ms. Brannon initially attempted to bring her Complaint on behalf of the Brannon Thompson Trust, an entity that she asserted was the "record owner of the [subject property]" in her initial Complaint. (ECF No. 1 at 1.) In that Complaint, she alleged that the Brannon Thompson Trust acquired title to the property by quitclaim deed on July 22, 2022, (ECF No. 1 at 2) and attached to her Complaint a copy of a Quitclaim Deed in which Defendant Deric Thompson purportedly conveyed title to the Brannon Thompson Trust. (ECF No. 1-1 at 10.) Ms. Brannon was not permitted to pursue her claims on behalf of the Trust because a trust cannot proceed pro se, and she subsequently amended her Complaint several times to comply with LR Gen 205(a)(3). *See* Text orders dated 11/10/2025, 11/24/2025, 1/22/2026 and ECF Nos. 1, 4, 6, 12.

The Court also notes that Deric Thompson previously brought an action in this Court concerning the subject property. *See Thompson v. Lakeview Loan Servicing, LLC*, No. 24-cv-00365-MRD, 2025 WL 990162 (D.R.I. April 2, 2025). In that case, Mr.

3

Thompson set forth claims alleging trespass and quiet title but also sought this Court's intervention in the state-court foreclosure proceedings. District Court Judge DuBose dismissed the case, noting that principles of comity applied, and that the application of the *Rooker-Feldman* doctrine deprived the Court of jurisdiction over the claims he set forth.

Finally, in addition to the state-court foreclosure action and the prior federal case, there is presently a complaint identical to the one filed in this case that is proceeding through Rhode Island Superior Court. In *Brannon Thompson Trust v. Lakeview Loan Servicing, et al.*, P.C.-2025-05974, Ms. Brannon represents the Trust as its Trustee and seeks relief for the same claims asserted in this matter.

## II.    DISCUSSION

The Law Firm Defendants filed the present Motion to Dismiss contending that the sole claim against them in Count I must be dismissed because Ms. Brannon's Amended Complaint fails to satisfy the "short and plain statement" standard of Federal Rule of Civil Procedure 8(a), does not state a plausible claim for relief under 42 U.S.C. § 1983, and because she lacks standing to bring such claims. (ECF No. 13-1 at 6-9.) As explained below, the Court is obligated to inquire into its own jurisdiction sua sponte and therefore finds that all of the claims must be dismissed under the *Rooker-Feldman*.

The *Rooker-Feldman* doctrine bars all claims Ms. Brannon asserts in this Court against all parties because the Amended Complaint improperly asks this Court to review and overturn a state-court ruling. Federal courts may not entertain such

challenges under the *Rooker-Feldman* abstention doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L.Ed.2d 454 (2005) (holding that the *Rooker-Feldman* doctrine bars federal courts from entertaining "cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.")

The *Rooker-Feldman* doctrine forbids a federal court from entertaining claims after state-court litigation if the federal claims are "inextricably intertwined" with the merits of the judgment in state court. *SouthCoast Fair Housing v. Sanders*, No. 1:18-536-JJM-LDA, 2019 WL 1382281, at *1 (D.R.I. Mar. 27, 2019). "Inextricably intertwined" means "that [the] federal claim succeeds only if the state court wrongly decided the issue before it." *Id.* If the federal claims are "inextricably intertwined" with the merits of the judgment in state court, then the federal court is "in essence being called upon to review the state-court decision," and that is forbidden. *Id.*

A practical way to determine whether *Rooker-Feldman* bars a federal action is to ask whether the relief sought in federal court "would void the state court's action or would require [a determination] that the decision was wrong." *Id.* (quoting *Hill v. Town of Conway*, 193 F.3d 33, 39 (1st Cir. 1999)). In other words, the federal claim is barred if it can succeed only if the state court erred. *Hill*, 193 F.3d at 39. In this Court, Ms. Brannon seeks injunctive relief and damages based on allegations that the foreclosure proceedings were fraudulent, an "unconstitutional state-sanctioned process," and "without legal effect." (ECF No. 12 at 3, 5.) This Court cannot grant

the requested relief without determining, either expressly or implicitly, that the state court was incorrect in its disposition of the state-court matter that led to the foreclosure of the subject property. That is precisely the exercise of subject-matter jurisdiction *Rooker-Feldman* prohibits. For that reason, this entire case must be dismissed.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge


July 23, 2026